UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                    Case No. 10-30738-WRS
                                                                         Chapter 7
RAYMOND BRYANT HUMPHREY
MELISSA NIX HUMPHREY,

    Debtors

CHERYL LAVARNWAY,

    Plaintiff                                         Adv. Pro. No. 10-3046-WRS

  v.

MELISSA NIX HUMPHREY,

    Defendant

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for trial on March 21, 2011. Plaintiff Cheryl Lavarnway was present in person and by counsel Robin M. Elliott and Defendant Melissa Nix Humphrey was present in person and by counsel David Weston. For the reasons set forth below, judgment is entered in favor of Plaintiff Cheryl Lavarnway in the amount of $5,000, plus attorney's fees. It is further determined that this indebtedness is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2).

## I. FACTS

Defendant Melissa Nix Humphrey filed a joint petition in bankruptcy, together with her husband, pursuant to Chapter 7 of the Bankruptcy Code on March 24, 2010. (10-30738, Doc. 1) On June 21, 2010, Plaintiff Cheryl Lavarnway filed a timely complaint seeking a determination

that Debtor Melissa Humphrey's indebtedness to her is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2). (Doc. 1). Lavarnway does not contend that the Debtor's husband, co-debtor Raymond Bryant Humphrey is indebted to her. Melissa Humphrey filed an Answer admitting that her indebtedness was excepted from discharge and seeking a determination as to the amount of the debt.

Plaintiff Lavarnway and Defendant Humphrey were friends and shared a residence for a time. Melissa Humphrey obtained personal information from Lavarnway and used it to fraudulently attempt to obtain credit cards in Lavarnway's name. Lavarnway claims that she was harmed because the credit card issuers, at least for a time, reported that Larvarnway had defaulted on her debts. Lavarnway did not offer copies of credit reports nor did she claim that she was unable to correct her credit reports.[1] Moreover, Lavarnway did not claim that she paid any of the debts incurred by Melissa Humphrey in her name. To be sure, Lavarnway was inconvenienced and alarmed at the fraud committed by Humphrey, however, the evidenced adduced at trial did not establish any significant out of pocket costs incurred by Lavarnway.

Lavarnway testified that she had to explain Humphrey's fraud on a job interview. No doubt Lavarnway suffered inconvenience and embarrassment, however, she did in fact obtain the job and the evidence does not establish any lasting harm. Lavarnway further testified that she was engaged to be married and that, as a result of Humphrey's fraud, she did not think that she would be able to buy a house. Lavarnway did not offer a credit report into evidence nor did she offer any cogent evidence that Humphrey's fraud would result in her not being able to obtain a

---

[1] The Fair Credit Reporting Act contains provisions whereby a consumer can dispute inaccurate credit reports. 15 U.S.C. § 1681i(a)(1); see also, In re Norman, 2006 WL 2818814 (Bankr. M.D. Ala. Memorandum Decision dated Sept. 29, 2006). In addition, the Alabama Consumer Identity Protection Act contains provisions permitting a court to correct the records. Ala. Code § 13A-8-198-200.

mortgage to buy a home. Lavarnway's testimony on this point was speculative and unconvincing.

It appears that most of the activity undertaken by Humphrey resulted in loans or credit cards being denied. Lavarnway argued that damages could be predicated, at least in part, on the amount of credit sought by Humphreys in Lavarnway's name, but denied by lenders. Such activity on a credit history could certainly be damaging, but it appears that all of the harm was temporary and ultimately remedied.

Humphrey was prosecuted in three separate criminal proceedings in Montgomery, Autauga and Elmore Counties. The cases are summarized as follows:

1. In the Elmore County Circuit Court, Case No. CC 2009-236, indicted January 9, 2009, convicted August 6, 2009, fraudulent use of a credit card and identify theft.

2. In the Montgomery County Circuit Court, Case No. CC 2009-747, indicted April 3, 2009, convicted July 24, 2009, fraudulent use of a credit card.

3. In the Autauga County Circuit Court, Case No. CC 2010-51, indicted February 12, 2010, convicted April 27, 2010, fraudulent use of a credit card.

Humphrey pled guilty in all three cases.

## II. LAW

This Court has jurisdiction to hear this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I). This is a final order.

The Debtor does not dispute that her indebtedness to the Plaintiff should be excepted from discharge. Accordingly, the Court concludes that the debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2). The remaining issue, is the amount of the debt. At trial, the Plaintiff requested an award of $90,000.

Lavarnway cites the provisions of Alabama Code § 13A-8-199(a) in support of her claim. That statute provides as follows:

> In addition to any other remedies provided by law, a victim who has suffered loss as a result of a criminal violation of this article may bring an action in his or her county of residence or any county in which any part of the crime took place, regardless of whether the defendant who committed the criminal violation was ever actually present in that county, against the defendant to recover the following:
>
> (1) Five thousand dollars ($5,000) for each incident, or three times the actual damages, whichever is greater.
>
> (2) Reasonable attorney's fees and court costs.

The statute provides for damages in the amount of $5,000 for each "incident" of a violation "this article." The $5,000 in statutory damages applies only to the identify theft charge and not to the fraudulent use of credit cards. This is because identify theft is proscribed by Alabama Code Section 13A-8-192, which is part of Article 10 of Chapter 8 of the Alabama Code. Fraudulent use of a credit card is proscribed by Alabama Code Section 13A-9-14, which is part of Chapter 9 of the Alabama Criminal Code. Because the fraudulent use of a credit card is contained in a different article than identify theft, the $5,000 statutory damage provision applies only to identify theft charge. As only one incident of identify theft was charged or proved, only $5,000 may be awarded under Alabama Code 13A-8-199. This provision also provides for

reasonable attorney's fees, which are also awarded.

In this case, Lavarnway suffered inconvenience, embarrassment and perhaps some distress as a result of Humphrey's actions. The evidence does not establish any lasting tangible harm as a result of the identify theft. Plaintiff's counsel spoke in terms of emotional distress, however, the Plaintiff did not offer any evidence of such harm aside from her generalized claim of distress. Having considered the evidence, the Court will not award any damages in excess of the $5,000 in statutory damages, plus attorney's fees.

### III.  CONCLUSION

This Adversary Proceeding came before the Court for trial on Plaintiff Cheryl Lavarnway's complaint to determine the dischargeability of Debtor Melissa Nix Humphrey debt to her. Humphrey did not contest the issue of dischargeability and the only issue for trial was damages. It should also be noted that co-debtor Raymond Bryant Humphrey is not a party to these proceedings. For the reasons set forth above, the Court awards damages in the amount of $5,000, plus attorney's fees. The Court will enter judgment by way of a separate order.

Done this 19th day of April, 2011.

/s/ William R. Sawyer
United States Bankruptcy Judge


c: Robin M Elliott, Attorney for Plaintiff
   David Weston, Attorney for Defendant